UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROGER GEORGE TEMETHY, ) | CASE NO. 1:25-cv-1664 |
| ) | |
| Plaintiff, ) | JUDGE CHARLES E. FLEMING |
| ) | |
| v. ) | |
| ) | |
| JUDGE SHANNON M. GALLAGHER, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Roger G. Temethy has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Shannon M. Gallagher. (ECF No. 1). Judge Gallagher presided over a 2025 civil case brought by Plaintiff against the Ohio Department of Job and Family Services and the Ohio Court of Claims (collectively, "State Defendants"). *See Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas); (ECF No. 1-4, PageID #12–14, 17). On May 27, 2025, Judge Gallagher granted State Defendants' motion to dismiss and dismissed the case for lack of subject matter jurisdiction. Journal Entry, *Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas May 27, 2025). Plaintiff generally alleges that Judge Gallagher violated his due process rights and right to a jury trial. (ECF No. 1, PageID #4). For relief, Plaintiff acknowledges that judges are immune from suits for money damages and requests that the Court "take action" against Judge Gallagher without any clarification. (*Id.* at PageID #4–5).

With his complaint, Plaintiff filed a motion to proceed in forma pauperis. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint is **DISMISSED**.

1

## II.     STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B).  Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face.  *Id.* at 471.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Iqbal*, 556 U.S. at 678.  Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading

requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed under § 1915(e)(2)(B). Even liberally construed, the complaint fails to state a claim upon which relief may be granted for several reasons. First, the complaint fails to meet the minimum pleading standard under *Twombly* and *Iqbal* as it fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint generally states that Plaintiff was denied due process but provides little in the way of factual allegations. (ECF No. 1, PageID #4). In fact, the complaint simply alleges that: (i) there was a case management conference scheduled for April 9th; and (ii) Judge Gallagher dismissed the case on May 27th. (*Id.*). Without more explanation or citation to any authority, the complaint states that these actions were done without due process. (*See id.*). Such conclusory, "unadorned, the defendant unlawfully harmed me" accusations are insufficient to state a claim and do not meet the minimum pleading requirements of Rule 8. *See Iqbal*, 556 U.S. at 678. The Court also notes that Plaintiff's request for relief is vague and it is unclear what precise relief (injunctive or damages) he is requesting.

Second, to the extent that Plaintiff is requesting relief in the form of overturning or vacating the state court's decisions, such relief is barred by the *Rooker-Feldman* doctrine. Federal courts may also raise the issue of abstention *sua sponte*. *See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (holding that "abstention may be raised by the court *sua sponte*"); *see also Louisville Country Club v. Watts*, Nos. 97-5758 and 97-5829, 1999 U.S. App. LEXIS 7828, *7 (6th Cir. Apr. 16, 1999) ("The proper time from which to judge the applicability of *Younger* abstention is the

date at which the federal complaint was filed."). Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final judgments, as well as interlocutory orders, from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (explaining that the *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision") (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-cv-192, 2021 U.S. Dist. LEXIS 104359, at *5 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.").

In this case, it appears that Plaintiff filed an appeal from the state court's order of dismissal and that appeal is still pending before the Ohio Court of Appeals. Notice of Appeal, *Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas June 6, 2025). The Sixth Circuit has held that *Rooker-Feldman* abstention does not require a state court judgment to have been finalized after the exhaustion of all appeal rights. *See RLR Invs., LLC*, 4 F.4th at 393–96; *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 353–54 (4th Cir. 2025) (adopting the same approach); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) ("Even so, that an appeal is pending in the New York state courts does not mean that a federal district court has jurisdiction to consider a parallel appeal. This court, like other circuits,

has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final."). That said, *Younger*[1] abstention would also apply.

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013). The doctrine is designed to prevent federal courts from interfering with the functions of state courts in order to preserve the principles equity and comity. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). To the extent that the underlying state court action is pending, the Court finds that all three factors supporting *Younger* abstention are present.

Finally, state court judges are immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when: (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A state court judge will not be deprived of immunity even if the action at issue was performed in error, done

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (acting in excess of authority does not preclude immunity).

Here, neither exception to absolute immunity applies. Judge Gallagher was acting as a judge when she issued the dismissal of the underlying state court action initiated by Plaintiff. Plaintiff has also not established, nor is there any indication, that Judge Gallagher acted clearly outside the subject matter jurisdiction of the court over which she presides. Thus, Plaintiff cannot seek monetary damages against Judge Gallagher. Because Plaintiff has not met the pleading standard under Rule 8, and his requests for relief are barred by abstention doctrines (injunctive relief) and absolute immunity (damages), this action must be dismissed under § 1915(e)(2)(B).

## IV. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 13, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**