# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROGER GEORGE TEMETHY, ) | CASE NO. 1:25-cv-1664 |
| ) | |
| Plaintiff, ) | JUDGE CHARLES E. FLEMING |
| ) | |
| v. ) | |
| ) | |
| JUDGE SHANNON M. GALLAGHER, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

Before the Court is Plaintiff Roger G. Temethy's *pro se* Motion for Originally Assigned Judge to Proper Rule on Case to Preserve the United States Constitution (ECF No. 6), which the Court construes as a Rule 59(e) motion to alter or amend the judgment. For the reasons discussed below, Plaintiff's construed motion to alter or amend the judgment is **DENIED**.

On August 11, 2025, Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Shannon M. Gallagher. (ECF No. 1). Judge Gallagher presided over a 2025 civil case brought by Plaintiff against the Ohio Department of Job and Family Services and the Ohio Court of Claims (collectively, "State Defendants"). *See Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas); (ECF No. 1-4, PageID #12–14, 17). On May 27, 2025, Judge Gallagher granted State Defendants' motion to dismiss and dismissed the case for lack of subject matter jurisdiction. Journal Entry, *Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas May 27, 2025). Plaintiff's complaint generally alleged that Judge Gallagher violated his due process rights and right to a jury trial and requested that the Court "take action" against Judge Gallagher without any clarification. (*Id.* at PageID #4–5).

On November 13, 2025, the Court issued a Memorandum Opinion and Order that dismissed the case pursuant to 28 U.S.C § 1915(e). (ECF No. 4). The Court found that dismissal was warranted because: (i) the complaint failed to meet the minimum pleading standards under *Twombly* and *Iqbal*; (ii) the relief requested, essentially review and overturning of state court decisions, was barred by the *Rooker-Feldman* and *Younger* abstention doctrines; and (iii) Defendant was immune from civil suits for money damages. (*Id.* at PageID #36–39). On November 19, 2025, Plaintiff filed his construed Rule 59(e) motion to alter or amend the judgment. (ECF No. 6).

Under Rule 59(e), a district court may alter or amend a judgment if the movant establishes one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (internal quotation marks omitted); *see also Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Motions for reconsideration are "'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'" *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994)). "As such, motions for reconsideration are granted 'very sparingly.'" *Id.* (quoting *Bakari v. Beyer*, 870 F. Supp. 85, 88 (D. N.J. 1994)).

"A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008)); *see also Howard v. United States*, 533 F.3d 472, 475

(6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"). A party moving to alter or amend a judgment based on a "clear error of law" is held to a high standard. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). To alter or amend its judgment under Rule 59(e), the Court must find that it wholesale disregarded, misapplied, or failed to recognize controlling precedent. *Id.* (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (6th Cir. 2000)). In other words, "a judgment must be 'dead wrong' to qualify as being clearly erroneous." *Id.* (quoting *H & A Land Corp. v. City of Kennedale*, No. 4:02-cv-458, 2005 U.S. Dist. LEXIS 25797, at *5–6 (N.D. Tex. Oct. 24, 2005)).

Plaintiff's motion to alter or amend the judgment is not well-founded. Plaintiff does not point to any clear error of law in the Court's Memorandum Opinion and Order dismissing the case. The motion does not address the reasoning of the Court's judgment; nor does it explain why the Court's conclusions about the pleading deficiencies, the application of the abstention doctrines, and absolute immunity were erroneous. Instead, Plaintiff generally argues that the Court's decision was wrong, states that the Court did not judge the case on its merits, and insinuates that the Court was taking the side of Defendant, who happens to be a judge. (ECF No. 6, PageID #42). As such, Plaintiff has not established any error of law, let alone a clear one. Plaintiff's motion also fails to establish that there is newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.

Accordingly, Plaintiff has not established a basis for relief under Rule 59(e). Thus, Plaintiff's construed Rule 59(e) motion to alter or amend the judgment (ECF No. 6) is **DENIED**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915, that an appeal from this Order cannot be taken in good faith.

**IT IS SO ORDERED.**

Date: November 20, 2025

*Charles Fleming*

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**