UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER GEORGE TEMETHY, | ) | CASE NO. 1:25-cv-1664 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE SHANNON M. GALLAGHER, | ) | **ORDER DENYING MOTION TO REOPEN** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff Roger G. Temethy's *pro se* motion to reopen the case (ECF No. 8), which the Court construes as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b). For the reasons discussed below, Plaintiff's construed Rule 60(b) motion is **DENIED**.

On August 11, 2025, Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Shannon M. Gallagher. (ECF No. 1). Judge Gallagher presided over a 2025 civil case brought by Plaintiff against the Ohio Department of Job and Family Services and the Ohio Court of Claims (collectively, "State Defendants"). *See Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas); (ECF No. 1-4, PageID #12–14, 17). On May 27, 2025, Judge Gallagher granted State Defendants' motion to dismiss and dismissed the case for lack of subject matter jurisdiction. Journal Entry, *Temethy v. Ohio Dep't of Job and Fam. Servs.*, CV-25-114635 (Cuyahoga Cnty. Ct. Com. Pleas May 27, 2025). Plaintiff's complaint generally alleged that Judge Gallagher violated his due process rights and his right to a jury trial and requested that the Court "take action" against Judge Gallagher without any clarification. (*Id.* at PageID #4–5).

On November 13, 2025, the Court issued a Memorandum Opinion and Order that dismissed the case pursuant to 28 U.S.C § 1915(e). (ECF No. 4). The Court found that dismissal was

1

warranted because: (i) the complaint failed to meet the minimum pleading standards under *Twombly* and *Iqbal*; (ii) the relief requested, essentially review and overturning of state court decisions, was barred by the *Rooker-Feldman* and *Younger* abstention doctrines; and (iii) Defendant was immune from civil suits for money damages. (*Id.* at PageID #36–39).

On November 19, 2025, Plaintiff filed a Motion for Originally Assigned Judge to Proper Rule on Case to Preserve the United States Constitution, (ECF No. 6), which the Court construed as a Rule 59(e) motion to alter or amend the judgment, (ECF No. 7, PageID #49). In the construed Rule 59(e) motion, Plaintiff generally argued that the Court's decision was wrong, stated that the Court did not judge the case on its merits, and insinuated that the Court was taking the side of Defendant because she was a judge. (ECF No. 6, PageID #42). The Court denied the construed Rule 59(e) motion because Plaintiff failed to establish a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. (ECF No. 7, PageID #51). On December 29, 2025, Plaintiff filed the instant construed Rule 60(b) motion. (ECF No. 8).

"A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Petitioner may not use Rule 60(b) to relitigate his case. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). Instead, the "classic function of a Rule 60(b) motion" deals "primarily with some irregularity or procedural defect in the procurement of the judgment denying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 539 n.1, 124 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (Stevens, J., dissenting); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2858 (3d ed. June 2024 Update) (explaining that Rule 60(b) gives courts discretionary powers to "relieve the oppressed from the burden of judgments unfairly,

fraudulently, or mistakenly entered"). Federal Rule of Civil Procedure Rule 60(b) includes the following grounds for relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Court finds that Plaintiff has failed to establish any of the grounds for relief under Rule 60(b). In the construed Rule 60(b) motion, Plaintiff states that: (i) this case was "illegally" closed; (ii) no reason was given for closing the case; and (iii) the undersigned violated Plaintiff's due process rights. (ECF No. 8). First, the record contradicts Plaintiff's assertions, as the Court provided a thorough explanation for why it dismissed the case in the November 13, 2025 Memorandum Opinion and Order. (ECF No. 4). Plaintiff also provides no explanation or caselaw as to how this case was "illegally" closed or his due process rights were violated. Second, Plaintiff has not alleged that there is newly discovered evidence, fraud, the judgment has been satisfied, or that the final judgment is void. Finally, Plaintiff has not demonstrated extraordinary circumstances that justify reopening the judgment pursuant to Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 535, 124 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

Accordingly, Plaintiff has not established a basis for relief under Rule 60(b). Thus, Plaintiff's construed Rule 60(b) motion for relief from the final judgment (ECF No. 8) is **DENIED**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915, that an appeal from this Order cannot be taken in good faith.

**IT IS SO ORDERED.**

Date: December 30, 2025

---
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**